UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Willcutt, #241873 <br> *aka Mike Willcutt*, <br><br>                      Plaintiff, <br><br> v. <br><br> Troy Barfield, SCDC Inmate # 245386, Manning C.I.; <br> Jon Ozmint, Director of SCDC; <br> Lt. K. Holloway, SCDC Officer, Manning C.I.; <br> Dr. Donald Sampson, MD, Manning C.I.; <br> Doctor Lovice, Sumter ENT Specialist; <br> Doctor Davis, Emergency Room Physician, Richland Memorial Hospital; and <br> Warden Raymond Reed, Manning Correctional Institution, <br><br>                      Defendant(s). | ) C/A No. 8:07-00465-HFF-BHH <br> ) <br> ) <br> ) REPORT <br> ) AND <br> ) RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

_____

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Currently, plaintiff is incarcerated at the Wateree River Correctional Institution, a facility of the South Carolina Department of Corrections. While plaintiff was incarcerated at the Manning Correctional Institution, he was involved in an altercation with a fellow inmate. As a result of the altercation, plaintiff sustained injuries for which he seeks injunctive relief and monetary damages.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction

afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff brings this complaint as a civil rights action under § 1983. However, plaintiff's complaint fails to state a claim against the named defendants. As a result, this complaint should be dismissed.

### A. Defendants Barfield, Lovice and Davis

In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[2] Defendants Barfield, Lovice and Davis should be dismissed because plaintiff fails to allege any state action by these defendants. Defendant Barfield is an inmate incarcerated at Manning Correctional Institution. Defendant Lovice is a physician at Toumey Hospital in

---

[2]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

3

Sumter, South Carolina. Defendant Davis is a physician at Richland Memorial Hospital. Without state action, plaintiff cannot maintain a § 1983 against these defendants.

Plaintiff complains of the injuries he has suffered as a result of his altercation with defendant Barfield and about the medical care he received from defendant Lovice. Plaintiff's allegations against these defendant set forth possible causes of action based in state law. Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Because plaintiff has asserted no viable federal claim against these defendants, this Court cannot exercise "supplemental" jurisdiction over plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d at 655 ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

### B. Defendants Ozmint and Reed

Plaintiff fails to state any allegations against defendants Ozmint and Reed. Even if plaintiff's complaint could be liberally construed to claim that defendants Ozmint, as Director of the South Carolina Department of Corrections, and Reed, as Warden of Manning Correctional Institution, are liable in their supervisory capacity, the action fails. Liability cannot be imposed on these defendants on the basis of actions taken by other officials or employees at the Manning Correctional Institution. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a

respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). The plaintiff makes no factual allegations against defendants Ozmint and Reed to indicate their authorization or indifference, and this complaint should be dismissed as to these defendants.

### C. Defendants Sampson and Holloway

Plaintiff names Sampson, a doctor at Manning Correctional Institution, as a defendant. Other than listing defendant Sampson in the caption of his complaint, there is no other reference in the complaint to this defendant. Likewise, plaintiff names Holloway, an employee at Manning Correctional Institution, as a defendant. Other than listing Holloway as a defendant, there is no other reference in the complaint to this defendant. Plaintiff fails to allege any facts in support of a § 1983 claim against these defendants.

The Prison Litigation Reform Act requires the court to dismiss an action that is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A careful review of the complaint reveals no allegations against defendants Sampson and Holloway. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also Weller v. Dep't of Social Servs.*, 901 F.2d 387, 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged

violation"). Defendants Sampson and Holloway should be dismissed as defendants in this case.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(i); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                            Respectfully submitted,

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

March 19, 2007
Greenville, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).